UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION OF SHREVEPORT

| | | |
|---|---|---|
| TOLA MAE JAMES, JOHNETTA, COLEMAN, AND ANGELA JACKSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF REV. JOHN HENRY JAMES | § | CIVIL ACTION NO. 5:21-CV-02407-SMH-MLH |
| V. | § | JUDGE S. MAURICE HICKS, JR. |
| PMG OPCO-WASHINGTON, LLC D/B/A BOOKER T. WASHINGTON SKILLED NURSING & REHABILITATION AND KOURTNEY BROWNLEE | § | MAGISTRATE JUDGE HORNSBY |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW Defendants PMG OPCO-Washington, LLC d/b/a Booker T. Washington Skilled Nursing & Rehabilitation Center ("BTW") and Kourtney Brownlee ("Brownlee"), by and through their undersigned counsel, and hereby submit this Response to Plaintiffs' Notice of Supplemental Authority in Opposition. Defendants show the Court as follows:

Plaintiffs asserts that at least "nineteen" more district courts have determined the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d – 247d-6e, is not a complete preemption statute. However, the nineteen cases do not represent the conclusions of nineteen different courts. A review of Plaintiffs' Notice reveals that seven (7) of these cases were consolidated and decided together by the same judge in the Central District of California (Hon.

John A. Kronstadt).[1] Six other cases were decided by a total of only three judges, two of which also sit in the Central District of California.[2] None of Plaintiffs' cases is in a Louisiana court, and only one of them is from this Circuit.[3] Notably, Defendants have cited a case from *this* District Court that analogized the PREP Act to ATSSSA and concluded that the PREP Act is a complete preemption statute. *See Defendants' Resp. in Opp. to Remand* at p. 12 (*citing Rachal v. Natchitoches Nurs. & Rehab. Ctr. LLC*, No. 1:21-cv-00334, pp. 3-4, n. 3 (W.D. La. Aug. 9, 2021)).

Importantly, no Circuit Court or Supreme Court authority exists on these issues. The erroneous reasoning of district courts is not persuasive, and should not be followed. *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S.Ct. 1532, 1541 (2021) ("This Court bears 'no warrant to ignore clear statutory language on the ground that other courts have done so.' Our duty is to follow the law as we find it, not to follow rotely whatever lower courts once might have said about it."); *Kisor v. Wilkie*, 139 S.Ct. 2400, 2445 (2019) ("[T]his Court should not always remain bound

---

[1] *See Sarnoff v. Silverado Senior Living, Inc.*, No. LA CV 21-00070 JAK (JPRx), 2021 WL 4168191 (C.D. Cal. Sep. 14, 2021); *Ringo v. Silverado Senior Living, Inc.*, No. LA CV 21-01649 JAK (JPRx), 2021 WL 4173583 (C.D. Cal. Sep. 14, 2021); *Piumetti v. Silverado Senior Living, Inc.*, No. LA CV 21-03488 JAK (JPRx), 2021 WL 4171728 (C.D. Cal. Sep. 14, 2021); *Palamides v. Silverado Senior Living, Inc.*, No. LA CV 21-01526 JAK (JPRx), 2021 WL 4171689 (C.D. Cal. Sep. 14, 2021); *Lebow v. Silverado Senior Living, Inc.*, No. LA CV 21-01548 JAK (JPRx), 2021 WL 4173466 (C.D. Cal. Sep. 14, 2021); *Khorsandi v. Silverado Senior Living, Inc.*, LA CV 21-01503 JAK (JPRx), 2021 WL 4168192 (C.D. Cal. Sep. 14, 2021); *Clack v. Silverado Senior Living, Inc.*, LA CV 21-03815 JAK (JPRx), 2021 WL 4173185 (C.D. Cal. Sep. 14, 2021); *Apothaker v. Silverado Senior Living, Inc.*, No. 21-1509 JAK (JPRx), 2021 WL 4173430 (C.D. Cal. Sep. 14, 2021).

[2] *See Turner v. Bristol at Tampa Rehab. & Nurs. Ctr., LLC*, No. 8:21-cv-0719-KKM-CPT, 2021 WL 4261430 (M.D. Fla. Sep. 20, 2021); *Dorsett v. Highlands Lake Ctr., LLC*, No. 8:21-cv-0910-KKM-AEP, 2021 WL 3879231 (M.D. Fla. Aug. 31. 2021); *Biglay v. Hacienda C.H., Inc.*, No. 2:21-cv-05810-SVW-SP, 2021 WL 4288523 (C.D. Cal. Sep. 21, 2021); *Hagoubyan v. KF Rinaldi, LLC*, No. 2:21-cv-06271-SVW-E, 2021 WL 4288524 (C.D. Cal. Sep. 21, 2021); *Estate of Jones v. Beverly Healthcare, LLC*, No. 2:21-cv-05417-AB-AGR (C.D. Cal. Sep. 24, 2021); *Cortez v. Parkwest Rehab. Ctr. LLC*, No. CV 21-05172 AB (ASx), 2021 WL 4033759 (C.D. Cal. Sep. 3, 2021).

[3] *See Lollie v. Colonnades Health Care Ctr. Ltd.*, No. H-21-1812, 2021 WL 4155805 (S.D. Tex. Sep. 13, 2021).

to decisions whose rationale no longer withstands 'careful analysis'"); *Texas Dept. of Hous. And Comm. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 568 (2015) (*quoting CSX Transp., Inc. v. McBride*, 564 U.S. 685, 715 (2011) ("this Court does not interpret statutes by asking for 'a show of hands'"); *see also*, *In re WTC Disaster Site*, 414 F.3d 352 (2nd Cir. 2005) (reversing some 26 faulty remands under a statute construction similar to the PREP Act).

Plaintiffs' cited decisions granting remand rely on erroneous district court opinions. Defendants urge that the Court either deny Plaintiffs' Motion to Remand based on the argument and authorities cited in Defendants' Response in Opposition to Remand [Doc. 15] or grant Defendants' Motion to Stay filed contemporaneously herewith awaiting the Fifth Circuit Court of Appeals' decision in *Mitchell v. Advanced HCS, LLC*, Case No. 21-10477.

Respectfully submitted,

By: /s/ Ronald E. Raney_____
    RONALD E. RANEY, Bar Roll #8570

**LUNN IRION LAW FIRM, LLC**
A Limited Liability Company
P. O. Box 1534
Shreveport, LA 71165-1534
Tel. (318) 222-0665
Fax (318) 220-3265

> HALL BOOTH SMITH, P.C.
> TERESA PIKE TOMLINSON
> Georgia Bar No. 466930
> Pro Hac Vice
> 1301 First Avenue
> Suite 100
> Columbus, GA 31901
> Tel: 706-494-3818
> Fax: 706-322-5469
> Email: ttomlinson@hallboothsmith.com
>
> **ATTORNEYS FOR PMG OPCO-WASHINGTON, LLC D/B/A BOOKER T. WASHINGTON SKILLED NURSING & REHABILITATION CENTER, AND KOURTNEY BROWNLEE**

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendants' Response to Plaintiffs' Notice of Supplemental Authority has been served upon all counsel of record pursuant to the court's electronic docket system this 12th day of October, 2021.

> /s/ Ronald E. Raney

72387000-2