UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOLA MAE JAMES ET AL                       CIVIL ACTION NO. 21-cv-2407

VERSUS                                     CHIEF JUDGE HICKS

P M G O P C O - WASHINGTON LLC ET AL.      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs filed a wrongful death suit in state court against the nursing home that housed a family member who allegedly died because of COVID-19. The nursing home removed the case based on grounds including the federal officer removal statute. The undersigned recommended that the court reject the asserted grounds for removal and remand the case to state court. That recommendation is pending before Chief Judge Hicks. Defendants recently filed a **Motion for Stay (Doc. 35)** and asked the court to stay the effect of any remand order for 30 days, pursuant to Fed. R. Civ. Pro. 62(a), to permit defendants time to pursue their appellate rights. For the reasons that follow, the motion is **denied**.

Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Defendants request recognition of an "automatic stay" of remand pursuant to this provision, but they cite no controlling authority for the proposition that the rule affords such a stay. A group of defendants made a similar request for a stay of remand based on Rule 62, and the Fifth Circuit held that "there is no basis in Rule 62 for such a stay." Arnold v. Garlock, Inc., 278 F.3d 426 (5th Cir. 2001). See also Schexnayder v. Entergy LA Inc., 2003 WL 25735531,

*1 (E.D. La. 2003) ("A district court … has no authority to stay a remand order under Rule 62 of the Federal Rules of Civil procedure.").

Several courts have denied similar applications for a stay of remand in suits against nursing homes that were removed based on the federal officer statute. Gavert by & through Gavert v. CF Modesto, LLC, 2022 WL 705613 n.1 (E.D. Cal. 2022) (collecting cases). The undersigned agrees with Gavert and the decisions it cites that a stay is not warranted in these circumstances. Defendants, if remand is ordered, may appeal the decision. BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532 (2021) (addressing appeals of remand orders in federal officer removal statute cases). If they prevail on appeal, the remand can be reversed. Butler v. Coast Elec. Power Ass'n, 926 F.3d 190 (5th Cir. 2019) ("The requirements for federal officer removal are met. We therefore reverse the district court's decision to remand these consolidated cases to state court."); Grace Ranch, L.L.C. v. BP Am. Prod. Co., 989 F.3d 301 (5th Cir. 2021) (reversing a remand order that was based on Burford abstention); and Brookshire Bros. Holding v. Dayco Prod., Inc., 554 F.3d 595 (5th Cir. 2009) (reversing district court's remand of state-law claims).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2022.



Mark L. Hornsby
U.S. Magistrate Judge